IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William L. Langford,	:

      Petitioner	:	Civil Action 2:12-cv-00326

v.	:	Judge Smith

Warden, Ross Correctional Institution,	:	Magistrate Judge Abel

      Respondent	:

# ORDER

Petitioner William L. Langford, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States. This matter is before the Court on petitioner Langford's June 4, 2012 objections to Magistrate Judge Abel's April 17, 2012 Report and Recommendation recommending that the petition for writ of habeas corpus under 28 U.S.C. §2254 be denied.

Petitioner argues that the timely filing of his motions to withdraw his guilty plea tolled the statute of limitations under 28 U.S.C. § 2244(d)(1). Although the Court assumes for purposes of decision that Langford's motions to withdraw his guilty plea tolled the statute of limitations, for the reasons set out in more detail below the one-year statute of limitations for filing a writ of habeas corpus expired before this action was filed. In brief, about 9 months of the statute of limitations ran before Langford asserts he filed his first motion to withdraw his guilty plea. The statute of limitations ran another 364 days after the Supreme Court of Ohio denied him leave to appeal from the Ohio

Court of Appeals' decision affirming the trial court's denial of his second motion to withdraw his guilty plea. Consequently, the statute of limitations ran about 9 months before this habeas corpus action was filed.

Procedural history. On November 28, 2008, petitioner pleaded guilty to one count of robbery and a gun specification and was sentenced to eleven years of imprisonment. On October 8, 2009, petitioner filed a motion to withdraw his guilty plea and receive a new trial. The petition alleges that the Court of Common Please never ruled on this motion. On February 19, 2010, Langford filed a motion to invalidate the plea agreement as unconstitutional. This motion was treated as a motion to withdraw his guilty plea, which was denied by the Court of Common Pleas. Langford appealed that decision to the Tenth District Court of Appeals, which affirmed the trial court on December 30, 2010. Langford filed a motion for leave to appeal to the Supreme Court of Ohio. On April 6, 2011, the Ohio Supreme Court denied him leave to appeal. On April 6, 2012, Langford filed his federal habeas corpus petition.

Discussion. An Ohio defendant has thirty days after his judgment of conviction to file a notice of appeal. Petitioner Langford's judgment of conviction became final on December 29, 2008[1], when the time period expired to file a timely appeal to the state appellate court. *See* Ohio Appellate Rule 4(A); *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012)(citing *Gonzalez v. Thaler*, – U.S. –, 132 S.Ct. 641,

---

[1]The thirtieth day was December 28, a Sunday. The next business day was Monday, December 29.

2

653054 (2012)(judgment of conviction final at the expiration of time for pursuing direct review in the state court). The statute of limitations was tolled beginning October 8, 2009, when petitioner asserts he filed a motion to withdraw his guilty plea. On October 8, some 252 days of the one-year statute of limitations had already run.

Although the petition alleges that his first motion to withdraw his guilty plea was never ruled on, Lanford later filed a motion to invalidate his guilty plea as unconstitutional. The appellate court noted that petitioner's motion to invalidate his plea as unconstitutional was treated by Langford, the state of Ohio, and the trial court as a motion to withdraw his guilty plea. *See State v. Langford*, No. 10AP-519, 2010 WL 5550705, at *1 (Ohio App. 10 Dist., Dec. 30, 2010).[2] The statute of limitations thus continued to be tolled until April 6, 2011, when the Supreme Court of Ohio denied petitioner leave to appeal from the decision of the Ohio Court of Appeals affirming the trial court's denial of the motion to withdraw his guilty plea. Langford's federal habeas corpus petition was not filed until it was placed in the prison mailing system on April 5, 2012. Doc. 3 at 15. However, the statute of limitations had by then already run for more than one year. Since 252 days of the statute of limitations had run before the first motion to withdraw petitioner's guilty plea was filed, he had only 113 days after the Supreme

---

[2]Ohio recognizes a post-sentence motion to withdraw a guilty plea pursuant to Ohio Criminal Rule 32.1 as a distinct avenue for relief that is filed in the underlying criminal case and is not a collateral challenge to the validity of a conviction or sentence. *State v. Bush*, 96 Ohio St.3d 235, 238 (2002). On April 6, 2011, the Ohio Supreme Court rejected Langford's appeal. *State v. Langford*, No. 2011-0253, 128 Ohio St. 3d 1448 (Apr. 6, 2011).

Court of Ohio's denial of leave to appeal to file his federal habeas corpus petition. He failed to do so.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court OVERRULES petitioner's June 4, 2012 objections and ADOPTS the Report and Recommendation.

The Clerk of Court is DIRECTED to enter JUDGMENT dismissing this habeas corpus action as barred by the statute of limitations.

s/   George C. Smith  
George C. Smith  
United States District Judge